MICHAEL A. FIRESTEIN, CA STATE BAR No. 110622 *(admitted pro hac vice)*
    mfirestein@proskauer.com
JOSHUA J. POLLACK, CA STATE BAR No. 215922 *(admitted pro hac vice)*
    jpollack@proskauer.com
PROSKAUER ROSE LLP
2049 Century Park East, 32nd Floor
Los Angeles, California  90067-3206
Telephone:   (310) 557-2900
Facsimile:    (310) 557-2193

JAMES E. MURPHY, NV STATE BAR No. 8586
    jmurphy@laxalt-nomura.com
LAXALT & NOMURA, LTD.
6720 Via Austi Parkway, Suite 430
Las Vegas, Nevada 89169
Telephone:   (702) 388-1551
Facsimile:    (702) 388-1559

Attorneys for Plaintiff and Counter-Defendant
ANIPLEX, INCORPORATED

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANIPLEX, INCORPORATED, a Japanese corporation,<br><br>    Plaintiff and Counter-Defendant,<br><br>    v.<br><br>THE UPPER DECK COMPANY, a Nevada corporation,<br><br>    Defendant and Counter-Claimant.<br><br>AND RELATED COUNTERCLAIM | CASE NO. 2:08-cv-00442-HDM-PAL |

**THIRD DECLARATION OF JOSHUA J. POLLACK IN SUPPORT OF PLAINTIFF AND COUNTER-DEFENDANT ANIPLEX, INCORPORATED'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

## DECLARATION OF JOSHUA J. POLLACK

I, Joshua J. Pollack, declare as follows:

1. I am an attorney at law and an associate employed by Proskauer Rose LLP, counsel for Plaintiff and Counter-Defendant Aniplex, Incorporated ("Aniplex") in this matter. I submit this declaration in further support of Aniplex's Motion for Partial Summary Judgment ("Motion"). I make this declaration of my own personal knowledge except where otherwise stated, and, if called upon to do so, I could and would testify competently to the matters set forth below.

2. Attached hereto as Exhibit 1 is a true and correct copy of cited excerpts from the certified transcript of the deposition of Akira Shinohara, which was taken on February 5, 2009 (the "Shinohara Deposition"). I was present at the Shinohara Deposition. The attached excerpts from this deposition accurately reflect the questions asked and the answers that Mr. Shinohara gave in response thereto. Exhibit 1 consists only of excerpts that directly respond to: (i) Defendant and Counter-Claimant The Upper Deck Company's ("Upper Deck") evidentiary objections (Docket No. 149) ("Objections"); and, (ii) additional facts set forth in the statement of purported genuine issues of material fact (Docket No. 139) ("Upper Deck Response") filed by Upper Deck in response to Aniplex's Statement of Material Facts Not Genuinely in Issue in Support of its Motion for Partial Summary Judgment (Docket No. 126).

3. Attached hereto as Exhibit 2 is a true and correct copy of cited excerpts from the certified transcript of the deposition of Eiichi Kamagata, which was taken on May 20, 2009 (the "Kamagata Deposition"). I was present at the Kamagata Deposition. The attached excerpts from this deposition accurately reflect the questions asked and the answers that Mr. Kamagata gave in response thereto. Exhibit 2 consists only of excerpts that directly respond to the Objections.

4. Attached hereto as Exhibit 3 is a true and correct copy of cited excerpts from the certified transcript of the deposition of John Sepenuk, which was taken on January 26, 2010 (the "Sepenuk Deposition"). I was present at the Sepenuk Deposition. The attached excerpts from this deposition accurately reflect the questions asked and the answers that Mr. Sepenuk gave in

1

response thereto. Exhibit 3 consists only of excerpts that directly support: (i) Aniplex's evidentiary objections; and (ii) paragraph 21 below.

5. Attached hereto as <u>Exhibit 4</u> is a true and correct copy of cited excerpts from the certified transcript of the deposition of Asa Suehira-Weintraub, which was taken on February 11, 2010 (the "Suehira Deposition"). I was present at the Suehira Deposition. The attached excerpts from this deposition accurately reflect the questions asked and the answers that Mr. Suehira-Weintraub gave in response thereto. Exhibit 4 consists only of excerpts inadvertently omitted from the First Declaration of Joshua J. Pollack In Support Of Plaintiff And Counter-Defendant Aniplex, Incorporated's Motion For Partial Summary Judgment (Non-Confidential) (Docket No. 131) ("First Pollack Decl."), excerpts that directly respond to additional facts in the Upper Deck Response, and foundational testimony.

6. Attached hereto as <u>Exhibit 5</u> is a true and correct copy of cited excerpts from the certified transcript of the deposition of Naritoshi Sato, which was taken on March 2 and 3, 2010 (the "Sato Deposition"). I was present at the Sato Deposition. The attached excerpts from this deposition accurately reflect the questions asked and the answers that Mr. Sato gave in response thereto. Exhibit 5 consists only of excerpts inadvertently omitted from the First Pollack Declaration and excerpts that directly respond to the Objections.

7. Attached hereto as <u>Exhibit 6</u> is a true and correct copy of cited excerpts from the certified transcript of the deposition of Cory Jones, which was taken on March 18, 2010 (the "Jones Deposition"). I was present at the Jones Deposition. The attached excerpts from this deposition accurately reflect the questions asked and the answers that Mr. Jones gave in response thereto. Exhibit 6 consists only of excerpts that directly respond to additional facts in the Upper Deck Response and foundational testimony.

8. Attached hereto as <u>Exhibit 7</u> is a true and correct copy of cited excerpts from the certified transcript of the deposition of Shuko Yokoyama, which was taken on April 12 and 13, 2010 (the "Yokoyama Deposition"). I was present at the Yokoyama Deposition. The attached excerpts from this deposition accurately reflect the questions asked and the answers that Ms.

Yokoyama gave in response thereto. Exhibit 7 consists only of excerpts inadvertently omitted from the First Pollack Declaration and excerpts that directly respond to the Objections.

9. Attached hereto as <u>Exhibit 8</u> is a true and correct copy of cited excerpts from the certified transcript of the deposition of Hideo Katsumata, which was taken on April 20 and 21, 2010 (the "Katsumata Deposition"). I was present at the Katsumata Deposition. The attached excerpts from this deposition accurately reflect the questions asked and the answers that Mr. Katsumata gave in response thereto. Exhibit 8 consists only of excerpts inadvertently omitted from the First Pollack Declaration, excerpts that directly respond to Objections, and excerpts that directly respond to additional facts in the Upper Deck Response.

10. Attached hereto as <u>Exhibit 9</u> is a true and correct copy of cited excerpts from the certified transcript of the deposition of Kenichi Oshima, which was taken on May 3, 4 and 5, 2010 (the "Oshima Deposition"). I was present at the Oshima Deposition. The attached excerpts from this deposition accurately reflect the questions asked and the answers that Mr. Oshima gave in response thereto. Exhibit 9 consists only of excerpts inadvertently omitted from the First Pollack Declaration and excerpts that demonstrate that certain factual assertions in Upper Deck's opposition brief lack foundation.

11. Attached hereto as <u>Exhibit 10</u> is a true and correct copy of cited excerpts from the certified transcript of the deposition of Jun Tanaka, which was taken on May 25 and 26, 2010 (the "Tanaka Deposition"). I was present at the Tanaka Deposition. The attached excerpts from this deposition accurately reflect the questions asked and the answers that Mr. Tanaka gave in response thereto. Exhibit 10 consists only of excerpts that: (i) directly respond to the Objections; and, (ii) directly support Aniplex's evidentiary objections.

12. Attached hereto as <u>Exhibit 11</u> is a true and correct copy of cited excerpts from the certified transcript of the deposition of Koichiro Natsume, which was taken on June 2 and 3, 2010 (the "Natsume Deposition"). I was present at the Natsume Deposition. The attached excerpts from this deposition accurately reflect the questions asked and the answers that Mr. Natsume gave in response thereto. Exhibit 11 consists only of excerpts inadvertently omitted

from the First Pollack Declaration and excerpts that directly respond to the Objections.

13. Attached hereto as <u>Exhibit 12</u> is a true and correct copy of cited excerpts from the certified transcript of the deposition of Omeed Dariani, which was taken on June 17, 2010 (the "Dariani Deposition"). I was present at the Dariani Deposition. The attached excerpts from this deposition accurately reflect the questions asked and the answers that Mr. Dariani gave in response thereto. Exhibit 12 consists only of foundational testimony and excerpts that directly respond to additional facts in the Upper Deck Response.

14. Attached hereto as <u>Exhibit 13</u> is a true and correct copy of cited excerpts from the certified transcript of the deposition of Richard McWilliam, which was taken on June 23, 2010 (the "McWilliam Deposition"). I was present at the McWilliam Deposition. The attached excerpts from this deposition accurately reflect the questions asked and the answers that Mr. McWilliam gave in response thereto. Exhibit 13 consists only of foundational testimony, excerpts that demonstrate that certain factual assertions in the Opposition lack foundation, and testimony authenticating Exhibit 18, <u>infra</u>.

15. Attached hereto as <u>Exhibit 14</u> is a true and correct copy of cited excerpts from the certified transcript of the deposition of Yu Chih ("Alex") Yeh, which was taken on June 24, 2010 (the "Yeh Deposition"). I was present at the Yeh Deposition. The attached excerpts from this deposition accurately reflect the questions asked and the answers that Mr. Yeh gave in response thereto. Exhibit 14 consists only of excerpts inadvertently omitted from the First Pollack Declaration.

16. Attached hereto as <u>Exhibit 15</u> is a true and correct copy of cited excerpts from the certified transcript of the deposition of Masaki Kaifu, which was taken on July 6 and 7, 2010 (the "Kaifu Deposition"). I am informed and believe that the attached excerpts from this deposition accurately reflect the questions asked and the answers that Mr. Kaifu gave in response thereto. Exhibit 15 consists only of excerpts that directly respond to the Objections and excerpts inadvertently omitted from a prior Pollack Declaration.

17. Attached hereto as <u>Exhibit 16</u> is a true and correct copy of cited excerpts from the

4

certified transcript of the deposition of Marvin Gleicher, which was taken on July 9, 2010 (the "Gleicher Deposition"). I was present at the Gleicher deposition. The attached excerpts from this deposition accurately reflect the questions asked and the answers that Mr. Gleicher gave in response thereto. Exhibit 16 consists only of excerpts that respond to the Upper Deck Response.

18.     Attached hereto as Exhibit 17 is a true and correct copy of a Termination Agreement between Upper Deck and Dream Ranch, Inc., Bates-stamped UD003703-3706. The document was marked at the McWilliam Deposition as Exhibit 323 and authenticated at the McWilliam Deposition (see Exhibit 13 at 289:12-15, 291:13-20). This exhibit is offered solely to demonstrate that certain factual assertions in Upper Deck's opposition brief lack foundation.

19.     At some point prior to April 9, 2010, Upper Deck's outside counsel, Kristina Fredericks, called me and asked if Aniplex would stipulate to permit Upper Deck to file an amended answer so that Upper Deck could plead its third counterclaim as an affirmative defense. I asked to see a draft of the stipulation and proposed amended answer.

20.     On April 9, 2010, Ms. Fredericks sent me via e-mail a draft stipulation and proposed amended answer. Attached hereto as Exhibit 18 is a true and correct copy of Ms. Fredericks' April 9, 2010 e-mail, with relevant attachments. In her e-mail, Ms. Fredericks said that, "the only addition to the answer is affirmative defense number 12 and to update the paragraph numbering to accommodate that defense." (Emphasis added.)

21.     In reviewing Ms. Frederick's April 9, 2010 e-mail and its attachments, I noted that Upper Deck had changed its response to paragraph 9 of Aniplex's Complaint so that it was now admitting the allegations in that paragraph. (Paragraph 9 of the Complaint reads, "Aniplex fully delivered 50 episodes of the Series to Upper Deck, such that all preconditions for both tranches of the Payment Schedule have been met. Aniplex later paid for, produced and delivered a 51st episode of the Series to Upper Deck, which Upper Deck accepted and sought to exploit for its economic benefit.") I concluded that this change was intentional. First, Ms. Frederick's e-mail said that the only addition to the Answer was affirmative defense number 12. Second, the change was material and I assumed that Upper Deck did not make it by accident. Third, Mr.

5

Sepenuk testified on January 26, 2010 that Aniplex delivered all of the Kiba episodes to Upper Deck. See Exhibit 3 (Sepenuk Deposition), supra, at 215:10-217:8. I assumed that Upper Deck was revising paragraph 9 of its Answer to reflect this testimony of Mr. Sepenuk, its Rule 30(b)(6) designee. I informed Ms. Fredericks that the draft stipulation and proposed amended answer were acceptable to Aniplex.

22.     Upper Deck filed a Stipulation For Order Granting The Upper Deck Company Leave To File A First Amended Answer and Counterclaim on April 12, 2010 (Docket No. 106). On April 20, 2010, the Court entered an Order granting Upper Deck leave to file the First Amended Answer and Counterclaim (Docket No. 107).

23.     On May 14, 2010, Upper Deck filed its First Amended Answer and Counterclaim (Docket No. 110). Given that over three weeks had passed since the Court granted Upper Deck leave to do so, I assumed that Upper Deck (and its counsel) carefully reviewed the document before filing it.

24.     Aniplex relied on Upper Deck's admission in paragraph 9 of the First Amended Answer and Counterclaim in conducting discovery in this matter, particularly with regard to Aniplex's delivery, and Upper Deck's acceptance, of the 51st episode. Aniplex also relied on the admission in its Motion (See Docket No. 125 at pp. 6, 17, 26) and in its Memorandum of Points and Authorities in Opposition to Upper Deck's Motion for Summary Judgment or, in the Alternative, Summary Adjudication of Issues (See Docket No. 144 at p. 5).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I executed this declaration this 13th day of September, 2010 in Los Angeles, California.

*/s/ Joshua Pollack*
Joshua J. Pollack

6

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5, I hereby certify that I am an associate with Proskauer Rose LLP, and that I caused a true and correct copy of the foregoing **THIRD DECLARATION OF JOSHUA J. POLLACK IN SUPPORT OF PLAINTIFF AND COUNTER-DEFENDANT ANIPLEX, INCORPORATED'S MOTION FOR PARTIAL SUMMARY JUDGMENT** to be served on the parties in this action through the Federal Court CM/ECF system.

DATED this 13th day of September, 2010

/s/ Joshua J. Pollack
Joshua J. Pollack