UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANIPLEX, INCORPORATED,<br>a Japanese corporation,<br><br>        Plaintiff and<br>        Counter-Defendant,<br><br>    vs.<br><br>THE UPPER DECK COMPANY,<br>a Nevada corporation,<br><br>        Defendant and<br>        Counterclaimant. | 2:08-cv-00442-HDM-PAL<br><br><br><br><br>MINUTES OF THE COURT<br><br><br><br>August 24, 2011 |

**PROCEEDINGS:**   Telephonic Calendar Call;   [235] Stipulation for Substitution of Attorneys; and [242] The Upper Deck Company's Emergency Motion to Continue Trial

**PRESENT:**
**THE HONORABLE HOWARD D. McKIBBEN, SENIOR U.S. DISTRICT JUDGE**

**Deputy Clerk:   Paris Rich**          **Court Reporter:   Kathryn French**

**Counsel for Plaintiff:**     Michael Firestein, James Murphy and Joshua Pollack

**Counsel for Defendant:**     John Naylor, Meredith Markwell, Craig Nicholas and Alex Tomasevic

**Proposed Counsel for Defendant:**   J. Stephen Peek and Robert Cassity

At 9:30 a.m., the Court convenes.

Counsel are present telephonically.   The Court recites matters on calendar this date.

The Court addresses [242] Motion.  Mr. Nicholas, on behalf of Defendant, presents statements.  Court and counsel confer regarding roles of lead and assisting counsel on behalf of the Defendant.

Mr. Naylor presents statements in support of continuance of trial.  The Court observes there is nothing contained in the record to indicate Mr. Naylor, or his law firm, was in any way responsible for [242] Motion.

___

Mr. Peek presents statements regarding his understanding of Holland & Hart's role as lead counsel on behalf of the Defendant in this matter.

The Court and counsel further confer regarding [235] Stipulation, [242] Motion and the Court's possible waiver of the Local Rule with respect to local counsel.

Mr. Peek confirms the Defendant has been fully informed regarding the possibility of a denial of [242] Motion.  Additionally, Mr. Peek states if the Court is inclined to approve [235] Stipulation and deny [242] Motion, he would do his best to be prepared for trial.  Mr. Peek requests to be able to consult with his client to fully determine any preference either for waiver of the Local Rule with the Defendant proceeding to trial solely with the Nicholas & Butler firm, or for continuance with the Holland & Hart firm as lead counsel assisted by Nicholas & Butler.  The Court deems Mr. Peek's request is appropriate.

Mr. Firestein, on behalf of Plaintiff, states no position as to [235] Stipulation.  With respect to [242] Motion, Mr. Firestein presents statements in opposition.

The Court inquires of Mr. Firestein and Mr. Nicholas regarding the number of trial witnesses, both within and outside of the United States, and the issue of witness availability.   Mr. Firestein and Mr. Nicholas respond.

Mr. Nicholas, on behalf of the Defendant, clarifies if the Court is inclined to deny [242] Motion, the Defendant will remain with Mr. Peek acting as lead trial counsel in this matter with the Nicholas & Butler firm assisting.

The Court recites findings as to [235] Stipulation.  **IT IS ORDERED, [235] Stipulation for Substitution of Attorneys is APPROVED.  J. Stephen Peek and Robert Cassity shall appear as co-counsel with Mr. Nicholas and Mr. Tomasevic on behalf of Defendant.  IT IS SO ORDERED**.

The Court recites further comments as to trial readiness and pending motions in limine.

The Court recites findings as to [242] Motion.  **IT IS ORDERED, [242] Motion is DENIED.  Jury Trial in this matter shall commence on Monday, September 12, 2011 at 8:30 a.m. in LV Courtroom 7C before Judge Howard D. McKibben.  IT IS SO ORDERED**.

**IT IS FURTHER ORDERED, Mr. Peek is hereby granted leave, even up to the day prior to trial, to apply to the Court to be relieved as local counsel on behalf of the Defendant.  In the event such application is presented, and thereafter granted, Mr. Nicholas and Mr. Tomasevic shall proceed to trial as set on Monday, September 12, 2011 as 8:30 a.m. on behalf of the Defendant.  IT IS SO ORDERED.**

The Court advises counsel shall make arrangements to meet with the Courtroom Deputy on the morning of Friday, September 9, 2011 in LV Courtroom 7C to pre-test all electronic equipment anticipated for use during trial.

The Court addresses further procedural trial matters and the streamlining of deposition testimony.  The Court also confirms the prospective jurors in this matter will be brought into LV Courtroom 7C at 10:30 a.m. on September 12, 2011.

Mr. Firestein inquires, and the Court and parties thereafter confer, regarding video testimony, anticipated daily trial schedule, Las Vegas venue, and rulings on pending motions in limine.  Specifically addressed is [227] Plaintiff's Motion in Limine to Exclude Testimony Regarding Aniplex's Alleged Lack of Rights to the Original Kiba Property and the substantial impact such ruling will have on the video testimony at trial.

The Court and counsel further confer regarding streamlining objections of video testimony and transcripts.  The Court confirms it would like the testimony bracketed out of the transcripts for the Court's use.  The Court and counsel further confer regarding reaching agreement prior to submitting the written depositions to the Court.

The Court and counsel discuss the submission of a written joint statement of the case.  **IT IS ORDERED, the parties shall submit a written joint statement to the Court's Chambers in Reno, Nevada no later than Wednesday, September 7, 2011.  Such written statement shall be limited to 1.5 pages.  In the event there is no agreement by the parties as to a joint statement, each party shall submit a competing statement. IT IS SO ORDERED**.

The Court addresses additional trial procedures including, preinstruction of the jury, case overview to the jury, <u>limited</u> counsel voir dire, no jury questionnaires, use of pre-admitted exhibits in opening statements, courtroom etiquette by counsel, opening statements to be limited to 45 minutes per side, and the display exhibits during video depositions.

Mr. Firestein recites oral motion requesting a waiver of the requirement for the Plaintiff's local counsel to be present in daily trial proceedings.  Mr. Murphy inquires further as to whether the Court will require a written submission in conjunction with Mr. Firestein's oral request this date.   **IT IS ORDERED, Plaintiff's oral motion is GRANTED.  The Plaintiff's local counsel shall not be required to be present daily during trial.  IT IS SO ORDERED**.

The Court and counsel confer regarding foreign witnesses and order of witnesses.  Mr. Firestein presents additional statements as to three specific witnesses (McWilliam, Sepenuk, and Oshima) and their anticipated live testimony, rather than the necessity of the Plaintiff's designations.  Mr. Firestein, Mr. Tomasevic and Mr. Peek confer further. The Court recites statements and confirms, if necessary, these issues will be determined at the time of trial.

**ANIPLEX v. THE UPPER DECK**                                     August 24, 2011  
**2:08-cv-00442-HDM-PAL**                                               Page 4 of 4

---

Mr. Firestein inquires as to the Court's signature on [215] Proposed Joint Pretrial Order. The Court indicates it will sign and approve [215] Proposed Joint Pretrial Order this date.

The Court inquires regarding the parties' stipulated Japanese translator for purposes of trial.  Mr. Firestein presents statements and confirms this issue remains unresolved.  **IT IS ORDERED, no later than Tuesday, August 30, 2011, the parties shall file a stipulation setting forth the identity of the agreed upon Japanese translator.  IT IS SO ORDERED**.

The Court further states the jury will be given a preliminary instruction that they will be bound by the translation given to them by the Japanese translator set forth in the parties' stipulation.

Mr. Peek requests a further status conference in this matter prior to trial.  The Court and counsel confer.

**IT IS ORDERED, a Telephonic Status Conference is set for Wednesday, September 7, 2011 at 11:00 a.m. in Reno Courtroom 4 before Judge Howard D. McKibben.  With no objection by the Plaintiff, Mr. Peek shall be allowed to appear in Reno Courtroom 4 for the Telephonic Status Conference on Wednesday, September 7, 2011 at 11:00 a.m.  IT IS SO ORDERED**.

The Court directs In the event a settlement is reached, the parties shall contact the Court forthwith.

At 10:44 a.m., the Court adjourns.

                                                LANCE S. WILSON, CLERK

                                                By: /s/ Paris Rich  
                                                     Deputy Clerk