**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANIPLEX, INCORPORATED, a Japanese corporation, | 2:08-cv-00442-HDM-PAL |
| Plaintiff and Counter-Defendant, | ORDER |
| vs. | |
| THE UPPER DECK COMPANY, a Nevada corporation, | |
| Defendant and Counterclaimant. | |

Before the court is plaintiff Aniplex's motion in limine 1 which seeks to exclude testimony regarding Aniplex's alleged lack of rights to the original Kiba property. (#227) Defendant Upper Deck has opposed the motion.[1] (#245) Plaintiff has replied. (#254)

---

[1] Upper Deck's opposition also discusses the issue of Upper Deck's approval rights of Kiba anime production under the Madhouse's agreement with Aniplex, but this is not the subject of Aniplex's motion in limine 1, which focuses solely on Aniplex's right to the

1

Plaintiff argues that it had a verbal agreement with Dream Ranch, an original co-owner of the Kiba property, to the Kiba copyrights before entering into the Kiba Short Form Agreement with Upper Deck, and that a verbal agreement to transfer copyrights is enforceable under Japanese law. Accordingly, plaintiff seeks to preclude any evidence relating to Aniplex's right to transfer the original Kiba copyrights to Upper Deck.

Defendant argues that the transfer of the Kiba copyrights was not valid because the agreement was not in writing and was not approved by all co-owners of the Kiba property. Thus, testimony regarding the Kiba copyrights is material, because if Aniplex had failed to secure the rights to the original Kiba property before granting a license to Upper Deck, then it lacked the ability to perform its obligations to Upper Deck under the parties' contract and materially breached that contract. Defendant's strongest evidence in support of this argument is a July 25, 2006 demand letter from SME, another original co-owner of the rights, to Aniplex threatening legal action for Aniplex's and Upper Deck's alleged unauthorized use of the original Kiba copyrights in their production of the Kiba anime series and trading card game.

On February 24, 2011, the court denied plaintiff's partial motion for summary judgment (#129) on the same issue of the Kiba property rights now raised in plaintiff's motion in limine 1. (#227) By precluding evidence on that issue now, the court would be reversing its earlier decision. In order to do so the court must consider five factors: (1) the first decision was clearly

---

Kiba copyrights from the original owners.

2

erroneous, (2) there has been an intervening change of law, (3) the evidence is substantially different, (4) other changed circumstances exist, or (5) a manifest injustice would otherwise result. *McClain v. National Fire & Marine Insurance Co.*, 2009 *WL 484412 *1 (D. Nev. Feb. 24, 2009) (citing* United States v. Cuddy, 147 F.3d 1111, 1114 (9th Cir. 1998).).

    The court finds none of these factors present.  First, declines to find that its first decision on summary judgment was clearly erroneous.  Second, there has been no change in law.  Third, the evidence before the court now is identical to that which was before the court on plaintiff's partial motion for summary judgment.  Fourth, no other changed circumstances exist.  Fifth, no manifest injustice would occur if the court were to permit the parties to present competing evidence on the issue of the Kiba rights.  Moreover, motions in limine are not intended to resolve factual disputes. *See Woods v. Slater Transfer and Storage, Inc.*, 2010 WL 3433052 *1 (D. Nev. Aug. 27, 2010); *Sprint/United Mgmt. Co. v. Mendelsohn,* 552 U.S. 379, 384 (2008).  Therefore, the court concludes that in this respect plaintiff's motion in limine 1 is denied.

    However, one discreet issue was raised by plaintiff in its motion in limine 1 that the court believes warrants the granting of the motion, and that is the July 25, 2006 demand letter from SME to Aniplex.  Demand letters constitute inadmissable hearsay. *Woods v. Slater Transfer and Storage, Inc*., 2010 WL 3433052 *4 (D. Nev. August 27, 2010); FRE 801, 802, 408.  Defendant does not dispute the letter is hearsay or offer an exception to the rule in its opposition.  The court concludes that the SME demand letter is

3

1  inadmissable hearsay.
2      Accordingly, plaintiff's motion in limine 1 (#227) is GRANTED
3  as to the SME demand letter and DENIED in all other respects.
4      **IT IS SO ORDERED.**
5      DATED: This 2nd day of September, 2011.

_____
UNITED STATES DISTRICT JUDGE

4