UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ANIPLEX, INCORPORATED,<br>a Japanese corporation, | )<br>)<br>) | 2:08-cv-00442-HDM-PAL |
|       Plaintiff and<br>      Counter-Defendant, | )<br>) | |
| vs. | )<br>) | MINUTES OF THE COURT |
| THE UPPER DECK COMPANY,<br>a Nevada corporation, | )<br>)<br>) | September 7, 2011 |
|       Defendant and<br>      Counterclaimant. | )<br>)<br>/ | |

**PROCEEDINGS:**   Telephonic Status Conference

**PRESENT:**
**THE HONORABLE HOWARD D. McKIBBEN, SENIOR U.S. DISTRICT JUDGE**

**Deputy Clerk:**  Paris Rich            **Court Reporter:**  Kathryn French

**Counsel for Plaintiff:**     Michael Firestein, Joshua Pollack and James Murphy

**Counsel for Defendant:**   J. Stephen Peek, Robert Cassity, Craig Nicholas and Alex Tomasevic

At 11:00 a.m., the Court convenes.

On behalf of the Plaintiff, Mr. Firestein, Mr. Murphy and Mr. Pollack are present telephonically. Mr. Firestein further clarifies his client, Asa Suehira, is also present telephonically.

On behalf of the Defendant, Mr. Peek is present in Reno Courtroom 4, and Mr. Cassity, Mr. Nicholas and Mr. Tomasevic are present telephonically.

The Court states it will addresses the parties' pending motions in limine this date. Further, the Court will also tentatively rule on the objections to depositions as set forth in [248] Pretrial Order and [216] Supplement.

ANIPLEX v. THE UPPER DECK                                      September 7, 2011
2:08-cv-00442-HDM-PAL                                                Page 2 of 4

---

As to [222] Defendant's Motion in Limine Regarding Expert Masaki Kaifu's Translation of Japanese Documents, the Court recites findings.  **IT IS ORDERED, [222] Motion is GRANTED in part and DENIED in part.  IT IS FURTHER ORDERED, there shall be no mention in the opening statement of anything related to Mr. Kaifu's testimony.**

As to [228] Plaintiff's Motion in Limine No. 2 to Exclude the Proposed Expert Testimony of Jason Meyers, the Court recites findings.  **IT IS ORDERED, [228] Motion is GRANTED in part and DENIED in part.  IT IS FURTHER ORDERED, there shall be no mention in the opening statement of anything related to Mr. Meyers' testimony.**

As to [230] Plaintiff's Motion in Limine No. 3 to Exclude Testimony of Rajiv Gokhale Regarding the Upper Deck Company's Alleged Out-of-Pocket Damages, the Court recites findings.  **IT IS ORDERED, [230] Motion is GRANTED in part and DENIED in part.  IT IS FURTHER ORDERED, there shall be no mention in the opening statement of anything related to Mr. Gokhale's testimony.**

As to [223] Defendant's Motion in Limine Regarding Kiba Wikipedia Article, the Court recites findings.  **IT IS ORDERED, [223] Motion is DENIED without prejudice to be renewed at the time of trial.  IT IS FURTHER ORDERED, any reference to the evidence and testimony is excluded in the opening statements, or at any other time, until the Court has had opportunity to hear the evidence, if renewed, outside the presence of the jury.**

As to [224] Defendant's Motion in Limine Regarding Licensing Agreements with Third Parties, the Court recites findings.  **IT IS ORDERED, [224] Motion is DENIED.**

As to [225] Defendant's Motion in Limine Regarding the Yu-Gi-Oh! Trading Card Game and the Litigation with Konami Digital Entertainment, Inc., the Court recites findings.  **IT IS ORDERED, [225] Motion is GRANTED.  IT IS FURTHER ORDERED, any reference to Yu-Gi-Oh! evidence and testimony as it relates to the Konami litigation and settlement shall be excluded in the opening statements, or at any other time, until the Court has had opportunity to hear the evidence outside the presence of the jury.**

Mr. Firestein requests clarification regarding the Court's ruling as to [225] Motion and the reference of Yu-Gi-Oh! at any time of trial.  Mr. Pollack requests further clarification regarding Mr. Sepenuk's deposition testimony in the Konami case and whether Plaintiff's will be allowed to present such testimony to the jury if there is no reference to the Konami litigation.  Mr. Peek responds.  The Court confirms, at this point, the ruling on [225] Motion does not cover this issue and requests counsel to be vigilant and raise the issue at the time of trial.

**ANIPLEX v. THE UPPER DECK**                                          September 7, 2011
**2:08-cv-00442-HDM-PAL**                                                  Page 3 of 4

---

The Court recites tentative rulings into the record regarding Defendant's Objections to Plaintiff's Depositions and Plaintiff's Objections to Defendant's Depositions as set forth in [248] Pretrial Order, pages 101 through 118 and [216] Supplement, pages 1 through 5. The Court further states it may revisit these rulings on the best evidence rule during the course of the trial. **IT IS SO ORDERED.**

Mr. Firestein inquires regarding Defendant's live witness testimony. **IT IS ORDERED, Plaintiff shall prepare and file Mr. Oshima's designations by Thursday, September 8, 2011. Thereafter, Defendant shall have until Monday, September 12, 2011 to file any objections and cross designations. IT IS SO ORDERED.**

Mr. Firestein recites the Plaintiff's first three witnesses shall be as follows: 1) Mr. Shinohara (appearing by video); Mr. Kamagata (appearing by video); and Mr. Sato (appearing live in the Courtroom). Mr. Firestein further discusses the live testimony of Mr. Sepenuk and Mr. Dariani and their availability in Plaintiff's case. Mr. Peek discusses expenses involved and possible order of witnesses. The Court and counsel further confer.

The Court addresses the trial schedule and equipment logistics. The Court and counsel confer. **IT IS ORDERED, <u>Jury Trial shall commence on Monday, September 12, 2011 at 9:30 a.m. in LV Courtroom 7C</u>. Thereafter, the trial will continue from 8:30 a.m. until 5:00 p.m., or later as required, on Tuesdays, Wednesdays and Thursdays. On Fridays, trial will commence at 8:30 a.m. and adjourn at 2:00 p.m.**

The Court states it will tentatively seat 15 jurors, allow 3 peremptory challenges per side, and conclude with 9 jurors as a deliberating body. Court and counsel further confer regarding voir dire.

Mr. Firestein discusses Mr. Dariani's video and live testimony. The Court and counsel confer.

Mr. Firestein inquires regarding the Defendant's experts of Mr. Gleicher, Mr. Meyers and Mr. Gokhale and their live appearance at trial. Mr. Firestein further inquires regarding any testimony of Mr. McWilliam. The Court and counsel confer.

The Court confirms that the parties' joint case statement, as ordered on August 24, 2011, remains due. The Court and counsel confer.

Mr. Peek's oral request for an advance designation notice of witnesses is GRANTED. Counsel shall provide such information no later than noon the day prior. **IT IS SO ORDERED.**

Mr. Firestein revisits the issue regarding the time limit for opening statements. The Court confirms that one hour for opening statements per party appears fair and reasonable.

The Court Reporter requests clarification regarding the transcription of video deposition testimony and the availability of digital or electronic versions.  The Court and counsel confer.

The Court states the Courtroom Deputy will be available to meet with counsel on Friday, September 9. 2011, from 9:30 a.m. to 11:30 a.m., in LV Courtroom 7C to pre-test all electronic equipment anticipated for trial and to store trial materials.  Further, the Courtroom Deputy will open LV Courtroom 7C at 7:30 a.m. on Monday, September 12, 2011 to allow counsel to set up for trial.

At 12:51 p.m., the Court adjourns.

                                        LANCE S. WILSON, CLERK

                                       By: /s/ Paris Rich
                                             Deputy Clerk